967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark BLUMBERG, Petitioner-Appellant,
v.
CALIFORNIA MEDICAL FACILITY, Respondent-Appellee.
 No. 86-16075.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 14, 1990.
Decided June 17, 1992.
 
 1
 Before CHAMBERS and FLETCHER, Circuit Judges, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Blumberg appeals the dismissal of his habeas corpus petition denying relief from his state court convictions for assault with a deadly weapon, false imprisonment, assault with intention to commit rape and enhancements for use of a firearm and intent to inflict great bodily harm on the victim. We affirm.
 
 
 4
 Petitioner's trial in state court was far from perfect. However, that is not the test for habeas relief. We must determine whether on habeas review in federal court the claimed errors are reviewable and whether, if error, they warrant reversal. Since no timely objection was made to the trial judge as to the claimed errors (absence of the defendant when the instructions were settled, irregularities in instruction, and Sandstrom error), we must determine whether there was cause and prejudice from any of the errors. Coleman v. Thompson, 111 S.Ct. 2546, 2562 (19921), relying on Francis v. Henderson, 4245 U.S. 536 (1976) (On habeas review of state court judgments, we apply the same rule that we would on direct appeal, giving deference to the state trial court's need to have its error pointed out in time to correct it. To avoid this procedural bar the petitioner must show cause and prejudice). The burden is on the petitioner to show cause and prejudice. Francis at 542. Petitioner failed to sustain this burden.
 
 
 5
 As to the Sandstrom error, it was clearly not prejudicial as the jury necessarily found intent when it enhanced, on the basis that petitioner intentionally inflicted great bodily harm on the victim.
 
 
 6
 As to the claimed problems with the instructional process, the state produced evidence (although it was unable to produce the tape containing the jury instructions) that the instructions that went into the jury room, apart from the Sandstrom instruction correctly instructed the jury on the facts and the law. Accordingly, petitioner has not sustained his burden to show that he was prejudiced by not being present when the instructions were settled and the procedures for instructing determined and the instructions given.
 
 
 7
 Petitioner also claims incompetence of counsel. He bears a heavy burden to show both incompetence of counsel and prejudice. To show prejudice he must show that had the counsel not made the claimed errors, acquittal would have been reasonably probable. Strickland v. Washington, 466 U.S. 668 (1983). Blumberg claims that counsel in addition to errors in connection with the instructions should have moved to suppress a statement Blumberg made before he was "Mirandized." The statement was introduced for impeachment only. Arguably, at that time, it could have been suppressed under California law and counsel perhaps could be faulted for failing to move to suppress. However, Blumberg gave a plausible reason for the inconsistency between his earlier statement and later statements. Further, it was not a confession and not necessarily damaging. Not objecting to its admission could well have been a tactical decision on counsel's part. Blumberg has not met the Strickland test. 466 U.S. at 694.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3